IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LYNDON NUTT,

      Plaintiff,

v.                                                                                      CIV-24-00203 GJF/JHR

CITY OF LAS CRUCES,
GABRIEL AGUIRRE, and
AARON SOLIS, in their individual
and official capacities,

      Defendants.

**DEFENDANTS' ANSWER TO COMPLAINT FOR
DAMAGES FOR VIOLATIONS OF THE NEW MEXICO TORT CLAIMS ACT;
VIOLATION OF THE NEW MEXICO CIVIL RIGHTS ACT;
<u>VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT</u>**

      Defendants, the City of Las Cruces ("City Defendant"), Gabriel Aguirre, and Aaron Solis (collectively referred to as "Defendants"), through their attorneys, Robles, Rael & Anaya, P.C. (Kelsea E. Sona), state the following for their answer to Plaintiff's Complaint for Damages for Violations of the New Mexico Tort Claims Act; Violation of the New Mexico Civil Rights Act; Violations of the Americans With Disabilities ("Plaintiff's Complaint"):

<u>**PARTIES, JURISDICTION, AND VENUE**</u>

      1.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 1 of Plaintiff's Complaint and, therefore, deny the allegations made in Paragraph 1 of Plaintiff's Complaint.

      2.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 2 of Plaintiff's Complaint and, therefore, deny the

allegations made in Paragraph 2 of Plaintiff's Complaint.

3.      Paragraph 3 of Plaintiff's Complaint is a legal conclusion to which Defendants affirmatively state no response is required pursuant to Rule 8(B) of the Federal Rules of Civil Procedure.  To the extent Paragraph 3 makes factual assertions requiring a response, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and, therefore, deny the allegations made in Paragraph 3 of Plaintiff's Complaint.

4.      Paragraph 4 of Plaintiff's Complaint is a legal conclusion to which Defendants affirmatively state no response is required pursuant to Rule 8(B) of the Federal Rules of Civil Procedure.  To the extent Paragraph 4 makes factual assertions requiring a response, Defendants deny the allegations made in Paragraph 4 of Plaintiff's Complaint.

5.      Defendants admit the allegation made in Paragraph 5 of Plaintiff's Complaint that at the time of the incident alleged in Plaintiff's Complaint "Defendant Gabriel Aguirre [was] employed as a law enforcement officer by Defendant City of Las Cruces."  The remaining allegations in Paragraph 5 of Plaintiff's Complaint are legal conclusions to which Defendants affirmatively state no response is required pursuant to Rule 8(B) of the Federal Rules of Civil Procedure.  To the extent Paragraph 5 makes factual assertions requiring a response, Defendants admit that "Defendant Aguirre was acting within the scope of his duties" and deny all remaining allegations made in Paragraph 5 of Plaintiff's Complaint.

6.      Defendants admit the allegation made in Paragraph 6 of Plaintiff's Complaint that at the time of the incident alleged in Plaintiff's Complaint "Defendant Aaron Solis [was] employed as a law enforcement officer by Defendant City of Las Cruces."  The remaining allegations in Paragraph 6 of Plaintiff's Complaint are legal conclusions to which Defendants affirmatively state

no response is required pursuant to Rule 8(B) of the Federal Rules of Civil Procedure.  To the extent Paragraph 6 makes factual assertions requiring a response, Defendants admit that "Defendant Solis was acting within the scope of his duties" and deny all remaining allegations made in Paragraph 6 of Plaintiff's Complaint.

7.     Defendants admit the allegation made in Paragraph 7 of Plaintiff's Complaint that "Plaintiff submitted a [letter] to the Mayor of the City of Las Cruces on September 18, 2023" and the letter stated it was intended to "provid[e] notice of this suit pursuant to both the New Mexico Tort Claims Act and New Mexico Civil Rights Act."  Defendants deny all remaining allegations made in Paragraph 7 of Plaintiff's Complaint.

8.     Paragraph 8 of Plaintiff's Complaint is a legal conclusion to which Defendants affirmatively state no response is required pursuant to Rule 8(B) of the Federal Rules of Civil Procedure.  To the extent Paragraph 8 makes factual assertions requiring a response, Defendants deny the allegations made in Paragraph 8 of Plaintiff's Complaint.

9.     Defendants admit the allegations made in Paragraph 9 of Plaintiff's Complaint.

10.     Paragraph 10 of Plaintiff's Complaint is a legal conclusion to which Defendants affirmatively state no response is required pursuant to Rule 8(B) of the Federal Rules of Civil Procedure.  To the extent Paragraph 10 makes factual assertions requiring a response, Defendants deny the allegations made in Paragraph 10 of Plaintiff's Complaint.

## FACTUAL BACKGROUND

11.     Defendants admit the allegations made in Paragraph 11 of Plaintiff's Complaint.

12.     Defendants admit the allegations made in Paragraph 12 of Plaintiff's Complaint that "[t]he reporting party, Mr. Juan Haro, called 911" and informed dispatch "that Plaintiff Lyndon

Nutt had . . . a firearm during a . . . discussion between the two." Defendants deny all remaining allegations made in Paragraph 12 of Plaintiff's Complaint. To the extent the allegations made in Paragraph 12 of Plaintiff's Complaint place facts out of context, do not consider the totality of the circumstances, and/or disregard other material facts, Defendants deny the implications, suggestions, and inferences drawn by the allegations made in Paragraph 12.

13. Defendants deny the allegations made in Paragraph 13 of Plaintiff's Complaint.

14. Defendants admit the allegation made in Paragraph 14 of Plaintiff's Complaint that "Mr. Juan Haro described to the police that Plaintiff Lydon Nutt confronted Mr. Haro[.]" Defendants deny all remaining allegations made in Paragraph 14 of Plaintiff's Complaint. To the extent the allegations made in Paragraph 14 of Plaintiff's Complaint place facts out of context, do not consider the totality of the circumstances, and/or disregard other material facts, Defendants deny the implications, suggestions, and inferences drawn by the allegations made in Paragraph 14.

15. Defendants admit the allegation made in Paragraph 15 of Plaintiff's Complaint that "Mr. Haro informed police that" during the exchange with Plaintiff "Mr. Nutt possessed a firearm" and during the exchange Plaintiff grabbed at the firearm to which Mr. Haro said to Plaintiff: "'What are you going to do with that besides piss me off[.]'" Defendants deny the words in the quoted text are specific to the words actually stated and deny all remaining allegations made in Paragraph 15 of Plaintiff's Complaint. To the extent the allegations made in Paragraph 15 of Plaintiff's Complaint place facts out of context, do not consider the totality of the circumstances, and/or disregard other material facts, Defendants deny the implications, suggestions, and inferences drawn by the allegations made in Paragraph 15.

16. Defendants admit the allegation made in Paragraph 16 of Plaintiff's Complaint that

Mr. Haro stated that during his exchange with Plaintiff, "Mr. Nutt pulled out [his] firearm[.]" Defendants deny all remaining allegations made in Paragraph 16 of Plaintiff's Complaint. To the extent the allegations made in Paragraph 16 of Plaintiff's Complaint place facts out of context, do not consider the totality of the circumstances, and/or disregard other material facts, Defendants deny the implications, suggestions, and inferences drawn by the allegations made in Paragraph 16.

17.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 17 of Plaintiff's Complaint, and therefore, deny the allegations made in Paragraph 17 of Plaintiff's Complaint.

18.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 18 of Plaintiff's Complaint, and therefore, deny the allegations made in Paragraph 18 of Plaintiff's Complaint.

19.    Defendants deny the allegations made in Paragraph 19 of Plaintiff's Complaint.

20.    Defendants deny the allegations made in Paragraph 20 of Plaintiff's Complaint.

21.    Defendants deny the allegations made in Paragraph 21 of Plaintiff's Complaint.

22.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 22 of Plaintiff's Complaint, and therefore, deny the allegations made in Paragraph 22 of Plaintiff's Complaint.

23.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 23 of Plaintiff's Complaint, and therefore, deny the allegations made in Paragraph 23 of Plaintiff's Complaint.

24.    Defendants deny the allegation made in Paragraph 24 of Plaintiff's Complaint.

25.    Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations made in Paragraph 25 of Plaintiff's Complaint, and therefore, deny the allegations made in Paragraph 25 of Plaintiff's Complaint.

26.     Defendants deny the allegations made in Paragraph 26 of Plaintiff's Complaint.

27.     Paragraph 27 of Plaintiff's Complaint is a legal conclusion to which Defendants affirmatively state no response is required pursuant to Rule 8(B) of the Federal Rules of Civil Procedure.  To the extent Paragraph 27 makes factual assertions requiring a response, Defendants deny the allegations made in Paragraph 27 of Plaintiff's Complaint.

28.     Defendants admit the allegation made in Paragraph 28 of Plaintiff's Complaint that when "Defendant Solis arrived on scene" he ultimately "approached Plaintiff and Defendant Aguirre."   Defendants deny all remaining allegations made in Paragraph 28 of Plaintiff's Complaint.  To the extent the allegations made in Paragraph 28 of Plaintiff's Complaint place facts out of context, do not consider the totality of the circumstances, and/or disregard other material facts, Defendants deny the implications, suggestions, and inferences drawn by the allegations made in Paragraph 28.

29.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 29 of Plaintiff's Complaint, and therefore, deny the allegations made in Paragraph 29 of Plaintiff's Complaint.

30.     Defendants admit the allegation made in Paragraph 30 of Plaintiff's Complaint that Defendants Aguirre and Solis did not obtain a warrant prior to placing Plaintiff in handcuffs.  Defendants deny all remaining allegations made in Paragraph 30 of Plaintiff's Complaint.  To the extent the allegations made in Paragraph 30 of Plaintiff's Complaint place facts out of context, do not consider the totality of the circumstances, and/or disregard other material facts, Defendants

deny the implications, suggestions, and inferences drawn by the allegations made in Paragraph 30.

31.    Paragraph 31 of Plaintiff's Complaint is a legal conclusion to which Defendants affirmatively state no response is required pursuant to Rule 8(B) of the Federal Rules of Civil Procedure.  To the extent Paragraph 31 makes factual assertions requiring a response, Defendants deny the allegations made in Paragraph 31 of Plaintiff's Complaint.

32.    Paragraph 32 of Plaintiff's Complaint is a legal conclusion to which Defendants affirmatively state no response is required pursuant to Rule 8(B) of the Federal Rules of Civil Procedure.  To the extent Paragraph 32 makes factual assertions requiring a response, Defendants deny the allegations made in Paragraph 32 of Plaintiff's Complaint.

33.    Paragraph 33 of Plaintiff's Complaint is a legal conclusion to which Defendants affirmatively state no response is required pursuant to Rule 8(B) of the Federal Rules of Civil Procedure.  To the extent Paragraph 33 makes factual assertions requiring a response, Defendants deny the allegations made in Paragraph 33 of Plaintiff's Complaint.

34.    Paragraph 34 of Plaintiff's Complaint is a legal conclusion to which Defendants affirmatively state no response is required pursuant to Rule 8(B) of the Federal Rules of Civil Procedure.  To the extent Paragraph 34 makes factual assertions requiring a response, Defendants deny the allegations made in Paragraph 34 of Plaintiff's Complaint.

35.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 35 of Plaintiff's Complaint, and therefore, deny the allegations made in Paragraph 35 of Plaintiff's Complaint.

36.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 36 of Plaintiff's Complaint, and therefore, deny the

allegations made in Paragraph 36 of Plaintiff's Complaint.

37.    Defendants admit the allegation made in Paragraph 37 of Plaintiff's Complaint that "Mr. Nutt was . . . placed in the back of a police car while the LCPD continued to investigate the case." Defendants deny all remaining allegations made in Paragraph 37 of Plaintiff's Complaint. To the extent the allegations made in Paragraph 37 of Plaintiff's Complaint place facts out of context, do not consider the totality of the circumstances, and/or disregard other material facts, Defendants deny the implications, suggestions, and inferences drawn by the allegations made in Paragraph 37.

38.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 38 of Plaintiff's Complaint, and therefore, deny the allegations made in Paragraph 38 of Plaintiff's Complaint.

39.    Defendants admit the allegation made in Paragraph 39 of Plaintiff's Complaint that "Detective Andrew Contreras was called out to the scene" to continue the investigation. Defendants deny all remaining allegations made in Paragraph 39 of Plaintiff's Complaint.

40.    Defendants admit the allegation made in Paragraph 40 of Plaintiff's Complaint that prior to leaving the scene Detective Contreras determined he did not have probable cause to charge Plaintiff with the crime of aggravated assault with a deadly weapon, there was no evidence of the crime, and there were no independent witnesses. Defendants deny all remaining allegations made in Paragraph 40 of Plaintiff's Complaint. To the extent the allegations made in Paragraph 40 of Plaintiff's Complaint place facts out of context, do not consider the totality of the circumstances, and/or disregard other material facts, Defendants deny the implications, suggestions, and inferences drawn by the allegations made in Paragraph 40.

41.     Defendants admit the allegation made in Paragraph 41 of Plaintiff's Complaint that Plaintiff was no longer detained following the investigation by Detective Contreras. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in Paragraph 41 of Plaintiff's Complaint, and therefore, deny the remaining allegations made in Paragraph 41 of Plaintiff's Complaint.

42.     Paragraph 42 of Plaintiff's Complaint is a legal conclusion to which Defendants affirmatively state no response is required pursuant to Rule 8(B) of the Federal Rules of Civil Procedure. To the extent Paragraph 42 makes factual assertions requiring a response, Defendants deny the allegations made in Paragraph 42 of Plaintiff's Complaint.

## CAUSES OF ACTION:

### COUNT I
### BATTERY AND EXCESSIVE FORCE IN VIOLATION OF
### THE NEW MEXICO TORT CLAIMS ACT

43.     Paragraph 43 of Plaintiff's Complaint is a restatement to which no response is required. To the extent a response is required, Defendants reallege all their previous answers to Plaintiff's Complaint as their answer to Paragraph 43 of Plaintiff's Complaint.

44.     Paragraph 44 of Plaintiff's Complaint is a legal conclusion to which Defendants affirmatively state no response is required pursuant to Rule 8(B) of the Federal Rules of Civil Procedure. To the extent Paragraph 44 makes factual assertions requiring a response, Defendants deny the allegations made in Paragraph 44 of Plaintiff's Complaint.

45.      Paragraph 45 of Plaintiff's Complaint is a legal conclusion to which Defendants affirmatively state no response is required pursuant to Rule 8(B) of the Federal Rules of Civil Procedure. To the extent Paragraph 45 makes factual assertions requiring a response, Defendants

deny the allegations made in Paragraph 45 of Plaintiff's Complaint.

46.    Paragraph 46 of Plaintiff's Complaint is a restatement of Paragraph 45 of Plaintiff's Complaint to which no response is required.  To the extent a response is required, Defendants reallege their answer to Paragraph 45 of Plaintiff's Complaint as their answer to Paragraph 46 of Plaintiff's Complaint.

47.    Paragraph 47 of Plaintiff's Complaint is a legal conclusion to which Defendants affirmatively state no response is required pursuant to Rule 8(B) of the Federal Rules of Civil Procedure.  To the extent Paragraph 47 makes factual assertions requiring a response, Defendants deny the allegations made in Paragraph 47 of Plaintiff's Complaint.

48.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 48 of Plaintiff's Complaint, and therefore, deny the allegations made in Paragraph 48 of Plaintiff's Complaint.

**COUNT II**
**FALSE ARREST IN VIOLATION OF**
**THE NEW MEXICO TORT CLAIMS ACT**

49.    Paragraph 49 of Plaintiff's Complaint is a restatement to which no response is required.  To the extent a response is required, Defendants reallege all their previous answers to Plaintiff's Complaint as their answer to Paragraph 49 of Plaintiff's Complaint.

50.    Defendants admit the allegation made in Paragraph 50 of Plaintiff's Complaint that Plaintiff was placed in handcuffs.  Defendants deny all remaining allegations made in Paragraph 50 of Plaintiff's Complaint.  To the extent the allegations made in Paragraph 50 of Plaintiff's Complaint place facts out of context, do not consider the totality of the circumstances, and/or disregard other material facts, Defendants deny the implications, suggestions, and inferences

drawn by the allegations made in Paragraph 50.

51.    Paragraph 51 of Plaintiff's Complaint is a legal conclusion to which Defendants affirmatively state no response is required pursuant to Rule 8(B) of the Federal Rules of Civil Procedure.  To the extent Paragraph 51 makes factual assertions requiring a response, Defendants deny the allegations made in Paragraph 51 of Plaintiff's Complaint.

52.    Defendants admit the allegations made in Paragraph 52 of Plaintiff's Complaint that the incident occurred in July and Plaintiff was seated in an LCPD vehicle that was turned on and had the air conditioning running.  Defendants deny all remaining allegations made in Paragraph 52 of Plaintiff's Complaint.  To the extent the allegations made in Paragraph 52 of Plaintiff's Complaint place facts out of context, do not consider the totality of the circumstances, and/or disregard other material facts, Defendants deny the implications, suggestions, and inferences drawn by the allegations made in Paragraph 52.

53.    Defendants are without knowledge or information sufficient to form a belief as to the truth of an absence of a fact for the allegation made in Paragraph 53 of Plaintiff's Complaint, and therefore, deny the allegation made in Paragraph 53 of Plaintiff's Complaint.

54.    Defendants are without knowledge or information sufficient to form a belief as to the truth of an absence of a fact for the allegation made in Paragraph 54 of Plaintiff's Complaint, and therefore, deny the allegation made in Paragraph 54 of Plaintiff's Complaint.

55.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 55 of Plaintiff's Complaint, and therefore, deny the allegations made in Paragraph 55 of Plaintiff's Complaint.

<u>**COUNT III**</u>
**<u>FAILURE TO TRAIN AND/OR SUPERVISE IN VIOLATION OF</u>**
**<u>THE NEW MEXICO TORT CLAIMS ACT</u>**

56.     Paragraph 56 of Plaintiff's Complaint is a restatement to which no response is required.  To the extent a response is required, Defendants reallege all their previous answers to Plaintiff's Complaint as their answer to Paragraph 56 of Plaintiff's Complaint.

57.     Defendants deny the allegations made in Paragraph 57 of Plaintiff's Complaint.

58.     Defendants deny the allegations made in Paragraph 58 of Plaintiff's Complaint.

59.     Paragraph 59 of Plaintiff's Complaint is a legal conclusion to which Defendants affirmatively state no response is required pursuant to Rule 8(B) of the Federal Rules of Civil Procedure.  To the extent Paragraph 59 makes factual assertions requiring a response, Defendants deny the allegations made in Paragraph 59 of Plaintiff's Complaint.

60.      Paragraph 60 of Plaintiff's Complaint is a legal conclusion to which Defendants affirmatively state no response is required pursuant to Rule 8(B) of the Federal Rules of Civil Procedure.  To the extent Paragraph 60 makes factual assertions requiring a response, Defendants deny the allegations made in Paragraph 60 of Plaintiff's Complaint.

61.      Paragraph 61 of Plaintiff's Complaint is a legal conclusion to which Defendants affirmatively state no response is required pursuant to Rule 8(B) of the Federal Rules of Civil Procedure.  To the extent Paragraph 61 makes factual assertions requiring a response, Defendants deny the allegations made in Paragraph 61 of Plaintiff's Complaint.

62.     Paragraph 62 of Plaintiff's Complaint is a legal conclusion to which Defendants affirmatively state no response is required pursuant to Rule 8(B) of the Federal Rules of Civil Procedure.  To the extent Paragraph 62 makes factual assertions requiring a response, Defendants

deny the allegations made in Paragraph 62 of Plaintiff's Complaint.

63.     Paragraph 63 of Plaintiff's Complaint is a legal conclusion to which Defendants affirmatively state no response is required pursuant to Rule 8(B) of the Federal Rules of Civil Procedure.  To the extent Paragraph 63 makes factual assertions requiring a response, Defendants deny the allegations made in Paragraph 63 of Plaintiff's Complaint.

<u>**COUNT III [*sic*]**</u>
<u>**NEW MEXICO CIVIL RIGHTS ACT CLAIMS**</u>
<u>**UNREASONABLE SEIZURE**</u>

64.     Paragraph 64 of Plaintiff's Complaint is a restatement to which no response is required.  To the extent a response is required, Defendants reallege all their previous answers to Plaintiff's Complaint as their answer to Paragraph 64 of Plaintiff's Complaint.

65.     Paragraph 65 of Plaintiff's Complaint is a legal conclusion to which Defendants affirmatively state no response is required pursuant to Rule 8(B) of the Federal Rules of Civil Procedure.  To the extent Paragraph 65 makes factual assertions requiring a response, Defendants deny the allegations made in Paragraph 65 of Plaintiff's Complaint.

66.     Paragraph 66 of Plaintiff's Complaint is a legal conclusion to which Defendants affirmatively state no response is required pursuant to Rule 8(B) of the Federal Rules of Civil Procedure.  To the extent Paragraph 66 of Plaintiff's Complaint makes factual assertions requiring a response, Defendants restate the same answer as in Paragraph 52 of Plaintiff's Complaint for the allegations that are a restatement of the allegations made in Paragraph 52 and deny all remaining allegations made in Paragraph 66.

67.      The allegations in Paragraph 67 of Plaintiff's Complaint regarding the "direct and proximate cause of Defendants' actions" are legal conclusions to which Defendants affirmatively

13

state no response is required pursuant to Rule 8(B) of the Federal Rules of Civil Procedure.  To the extent those allegations in Paragraph 67 make factual assertions requiring a response, Defendants deny those allegations made in Paragraph 67 of Plaintiff's Complaint.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in Paragraph 67 of Plaintiff's Complaint, and therefore, deny the allegations made in Paragraph 67 of Plaintiff's Complaint.

68.    Defendants deny the allegation made in Paragraph 68 of Plaintiff's Complaint.

**COUNT IV [*sic*]**
**FAILURE TO TRAIN AND/OR SUPERVISE IN VIOLATION OF**
**THE NEW MEXICO CIVIL RIGHTS ACT**

69.    Paragraph 69 of Plaintiff's Complaint is a restatement to which no response is required.  To the extent a response is required, Defendants reallege all their previous answers to Plaintiff's Complaint as their answer to Paragraph 69 of Plaintiff's Complaint.

70.    Paragraph 70 of Plaintiff's Complaint is a legal conclusion to which Defendants affirmatively state no response is required pursuant to Rule 8(B) of the Federal Rules of Civil Procedure.  To the extent Paragraph 70 makes factual assertions requiring a response, Defendants deny the allegations made in Paragraph 70 of Plaintiff's Complaint.

71.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 71 of Plaintiff's Complaint, and therefore, deny the allegations made in Paragraph 71 of Plaintiff's Complaint.

72.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 72 of Plaintiff's Complaint, and therefore, deny the allegations made in Paragraph 72 of Plaintiff's Complaint.

73.    Paragraph 73 of Plaintiff's Complaint is a legal conclusion to which Defendants affirmatively state no response is required pursuant to Rule 8(B) of the Federal Rules of Civil Procedure.  To the extent Paragraph 73 makes factual assertions requiring a response, Defendants deny the allegations made in Paragraph 73 of Plaintiff's Complaint.

### COUNT V [*sic*]
### FEDERAL CONSTITUTIONAL CLAIMS
### UNREASONABLE SEIZURE

74.    Paragraph 74 of Plaintiff's Complaint is a restatement to which no response is required.  To the extent a response is required, Defendants reallege all their previous answers to Plaintiff's Complaint as their answer to Paragraph 74 of Plaintiff's Complaint.

75.    Paragraph 75 of Plaintiff's Complaint is a legal conclusion to which Defendants affirmatively state no response is required pursuant to Rule 8(B) of the Federal Rules of Civil Procedure.  To the extent Paragraph 75 makes factual assertions requiring a response, Defendants deny the allegations made in Paragraph 75 of Plaintiff's Complaint.

76.    Paragraph 76 of Plaintiff's Complaint is a legal conclusion to which Defendants affirmatively state no response is required pursuant to Rule 8(B) of the Federal Rules of Civil Procedure.  To the extent Paragraph 76 makes factual assertions requiring a response, Defendants deny the allegations made in Paragraph 76 of Plaintiff's Complaint.

77.    The allegations in Paragraph 77 of Plaintiff's Complaint regarding "direct and proximate cause of Defendants' actions" are legal conclusions to which no response is required. To the extent that a response is required, Defendants deny those allegations made in Paragraph 77 of Plaintiff's Complaint.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in Paragraph 77 of Plaintiff's Complaint,

and therefore, deny the allegations made in Paragraph 77 of Plaintiff's Complaint.

78.     Defendants deny the allegation made in Paragraph 78 of Plaintiff's Complaint.

**COUNT VI [*sic*]
VIOLATION OF AMERICANS WITH DISABILITIES ACT
FAILURE TO MAKE REASONABLE ACCOMMIDATIONS [*sic*]**

79.     Paragraph 79 of Plaintiff's Complaint is a restatement to which no response is required.  To the extent a response is required, Defendants reallege all their previous answers to Plaintiff's Complaint as their answer to Paragraph 79 of Plaintiff's Complaint.

80.     Paragraph 80 of Plaintiff's Complaint is a restatement of Paragraphs 2 and 3 of Plaintiff's Complaint to which no response is required.  To the extent a response is required, Defendants reallege their previous answers to Paragraphs 2 and 3 of Plaintiff's Complaint as their answer to Paragraph 80 of Plaintiff's Complaint.  For any remaining allegations Paragraph 80 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 80 of Plaintiff's Complaint, and therefore, deny the allegations made in Paragraph 80 of Plaintiff's Complaint.

81.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 81 of Plaintiff's Complaint, and therefore, deny the allegations made in Paragraph 81 of Plaintiff's Complaint.

82.     Defendants deny the allegations made in Paragraph 82 of Plaintiff's Complaint.

83.     Paragraph 83 of Plaintiff's Complaint is a legal conclusion to which Defendants affirmatively state no response is required pursuant to Rule 8(B) of the Federal Rules of Civil Procedure.  To the extent Paragraph 83 makes factual assertions requiring a response, Defendants deny the allegations made in Paragraph 83 of Plaintiff's Complaint.

84.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 84 of Plaintiff's Complaint and, therefore, deny those allegations made in Paragraph 84 of Plaintiff's Complaint.

85.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 85 of Plaintiff's Complaint and, therefore, deny the allegations made in Paragraph 85 of Plaintiff's Complaint.

86.     Paragraph 86 of Plaintiff's Complaint is a legal conclusion to which Defendants affirmatively state no response is required pursuant to Rule 8(B) of the Federal Rules of Civil Procedure.  To the extent Paragraph 86 makes factual assertions requiring a response, Defendants deny the allegations made in Paragraph 86 of Plaintiff's Complaint.

**COUNT VII [*sic*]**
**VIOLATION OF AMERICANS WITH DISABILITIES ACT**
**FAILURE TO TRAIN and/or SUPERVISE**

87.     Paragraph 87 of Plaintiff's Complaint is a restatement to which no response is required.  To the extent a response is required, Defendants reallege all of their previous answers to Plaintiff's Complaint as their answer to Paragraph 87 of Plaintiff's Complaint.

88.     Paragraph 88 of Plaintiff's Complaint is a legal conclusion to which Defendants affirmatively state no response is required pursuant to Rule 8(B) of the Federal Rules of Civil Procedure.  To the extent Paragraph 88 makes factual assertions requiring a response, Defendants deny the allegations made in Paragraph 88 of Plaintiff's Complaint.

89.     Paragraph 89 of Plaintiff's Complaint is a legal conclusion to which Defendants affirmatively state no response is required pursuant to Rule 8(B) of the Federal Rules of Civil Procedure.  To the extent Paragraph 89 makes factual assertions requiring a response, Defendants

deny the allegations made in Paragraph 89 of Plaintiff's Complaint.

90.     Paragraph 90 of Plaintiff's Complaint is a legal conclusion to which Defendants affirmatively state no response is required pursuant to Rule 8(B) of the Federal Rules of Civil Procedure.  To the extent Paragraph 90 makes factual assertions requiring a response, Defendants deny the allegations made in Paragraph 90 of Plaintiff's Complaint.

91.     To the extent the allegations in Paragraph 91 of Plaintiff's Complaint are a restatement of the allegations in Paragraphs 3 and 80 of Plaintiff's Complaint, no response is required.  To the extent a response is required, Defendants reallege their answers to Paragraph 3 and 80 of Plaintiff's Complaint as their answer to Paragraph 91 of Plaintiff's Complaint. Defendants deny any remaining allegations in Paragraph 91 of Plaintiff's Complaint.

92.     Paragraph 92 of Plaintiff's Complaint is a restatement of Paragraph 82 of Plaintiff's Complaint to which no response is required.  To the extent a response is required, Defendants reallege their answer to Paragraph 82 of Plaintiff's Complaint as their answer to Paragraph 92 of Plaintiff's Complaint.

93.     Paragraph 93 of Plaintiff's Complaint is a legal conclusion to which Defendants affirmatively state no response is required pursuant to Rule 8(B) of the Federal Rules of Civil Procedure.  To the extent Paragraph 93 makes factual assertions requiring a response, Defendants deny the allegations made in Paragraph 93 of Plaintiff's Complaint.

94.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 94 of Plaintiff's Complaint and, therefore, deny the allegations made in Paragraph 94 of Plaintiff's Complaint.

95.     Defendants deny the allegation made in Paragraph 95 of Plaintiff's Complaint.

96.     Defendants deny the allegation made in Paragraph 96 of Plaintiff's Complaint.

97.     Defendants deny the allegation made in Paragraph 97 of Plaintiff's Complaint.

<u>**DAMAGES AND PRAYER FOR RELIEF**</u>

98.     Paragraph 98 of Plaintiff's Complaint is a restatement to which no response is required.  To the extent a response is required, Defendants reallege all of their previous answers to Plaintiff's Complaint as their answer to Paragraph 98 of Plaintiff's Complaint.

99.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 99 of Plaintiff's Complaint and, therefore, deny the allegations made in Paragraph 99 of Plaintiff's Complaint.

100.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraphs 100(a)-(j) of Plaintiff's Complaint and, therefore, deny the allegations made in Paragraphs 100(a)-(j) of Plaintiff's Complaint.

**GENERAL DENIAL**

101.     Defendants deny each and every allegation not specifically admitted in their Answer.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

None of the actions described in Plaintiff's Complaint constitute a violation of his constitutional or statutory rights by Defendants.

**Second Affirmative Defense**

Defendants' actions were objectively reasonable under the circumstances and did not violate Plaintiff's clearly established constitutional rights, thereby entitling Las Cruces City Police

19

Officers Aguirre and Solis to qualified immunity.

### Third Affirmative Defense

Plaintiff's Complaint alleged a number of causes of action that fail to state a claim for which relief can be granted.

### Fourth Affirmative Defense

The sole and proximate cause of any damages to Plaintiff, if any exist, were his own intentional and/or negligent acts, and his damages, if any, must be reduced proportionately.

### Fifth Affirmative Defense

All acts performed by Defendants Aguirre and Solis were within the course and scope of their official duties as employees of the City of Las Cruces.

### Sixth Affirmative Defense

Some of Plaintiff's claims are barred or limited by the provisions of the New Mexico Tort Claims Act, including his request for punitive damages and attorneys' fees.

### Seventh Affirmative Defense

Plaintiff failed to mitigate his damages, if any such damages were in fact incurred, and to that extent, those damages are barred from recovery.

### Eighth Affirmative Defense

These affirmative defenses are preliminary, without the benefit of all the facts underlying or pertaining to Plaintiff's claims. Defendants therefore reserve the right to raise such further and additional defenses or counterclaims as may be available upon facts to be developed in discovery and/or applicable substantive law, and to amend this Answer.

**JURY DEMAND**

Defendants demand a trial by jury for all claims which may be tried by a jury.

**WHEREFORE**, Defendants respectfully request that this Court dismiss Plaintiff's Complaint, award Defendants their attorneys' fees and costs, and order all other relief this Court deems just and proper.

Respectfully submitted,

**ROBLES, RAEL & ANAYA, P.C.**


By:    /s/ Kelsea E. Sona
      Kelsea E. Sona
      20 First Plaza Ctr. NW, Suite 500
      Albuquerque, New Mexico 87102
      (505) 242-2228
      (505) 242-1106 (facsimile)
      kelsea@roblesrael.com
      *Attorney for Defendants*

I hereby certify that the foregoing was electronically filed and served through the CM/ECF on this  7th  day of March, 2024, which will cause service to the following:

Christopher K. P. Cardenas
Cardenas Law Firm, LLC
602 N. Alameda Blvd.
Las Cruces, NM 88005
(575) 650-6003
(575) 267-6237 (facsimile)
ccardenaslaw@gmail.com
*Attorney for Plaintiff*


/s/ Kelsea E. Sona
Kelsea E. Sona

21