IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**LYNDON NUTT,**

    **Plaintiff,**

v.   No. 2:24-cv-00203-GJF-JHR

**CITY OF LAS CRUCES,
GABRIEL AGUIRRE, and
AARON SOLIS in their individual and
official capacities,**

    **Defendants.**

## ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF ATTORNEY [DOC. 64]

THIS MATTER comes before the Court on Lyndon Nutt's Notice of Filing a Request for Appointment of an Attorney [Doc. 64]. Defendants did not file a response. The Court has reviewed the request, the case record, and applicable law, and now DENIES the request for appointment of attorney.

### I.   PROCEDURAL BACKGROUND

Nutt filed suit against Defendants on January 22, 2024, in the 3rd Judicial District Court of New Mexico, pleading claims under the New Mexico Tort Claims Act, New Mexico Civil Rights Act, the Fourth Amendment, and Americans with Disabilities Act (ADA). [Doc. 1-1]. Defendants removed to this Court on February 29, 2024, to which Nutt did not object. [Doc. 1, at 1]. On October 16, 2024, Johnn Osborn, co-counsel for Nutt along with Christopher Cardenas, moved unopposed to withdraw from representation. [Docs. 25, 26]. The Court granted the motion. [Doc. 28]. On December 27, 2024, Cardenas moved unopposed to withdraw as well, citing a conflict of interest caused by Nutt's filing of a complaint against him with the New Mexico Bar and "other allegations." [Doc. 44, at 1]. Cardenas represented that he informed Nutt of his intent to withdraw,

1

Nutt understood this would require him to either locate new counsel or proceed pro se, and Nutt did not object to his withdrawal. *Id.* at 1–2. The Court granted the motion on January 2, 2025. [Doc. 45].

On January 28, 2025, the Court held a telephonic status conference at which Defendants appeared through counsel and Nutt appeared pro se with his spouse. [Doc. 62 text only]. Nutt's spouse stated that Nutt could not participate himself due to personal medical reasons, and the Court explained that she could not act as Nutt's representative and stopped the conference to reschedule. *Id.* On January 30, 2025, Nutt filed the instant request to appoint counsel for him. [Doc. 64].

## II.    BRIEFING SUMMARY

As Nutt proceeds pro se, the Court interprets his motion liberally but in accordance with its duty to act as neutral arbiter. *See Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1024 (10th Cir. 2012). In his motion Nutt argues that he cannot proceed pro se due to his disabilities. [Doc. 64, at 1]. Specifically, Nutt cites severe damage to his hearing and impacted equilibrium due to a fall on his head which qualify him for protection under the ADA. *Id.*

## III.    APPLICABLE LAW

A court's ability to appoint counsel depends on the authority invoked. The Sixth Amendment guarantees no right to counsel in civil proceedings. *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006). However, the Supreme Court recognized that due process may provide for civil counsel under certain circumstances. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 32 (1981). Generally, due process will justify the appointment of counsel if the proceedings could result in the deprivation of the pro se litigant's fundamental liberties. *See id.* at 27 (discussing imprisonment and termination of constitutional parental rights). Even then, the litigant's right to an attorney is not guaranteed in all cases. *Id.* at 32.

Statutes may also grant federal courts the discretionary power to either request or appoint counsel for a pro se litigant, but that power is limited to qualifying claims or parties. *E.g.*, 42 U.S.C. § 2000e-5(f)(1) (employment discrimination claims); 42 U.S.C. § 12117(a) (disability-related employment discrimination claims); 28 U.S.C. § 1915(e)(1) (pro se litigants proceeding *in forma pauperis*). Depending on the statute, factors for the court to consider in its discretion include the merits and nature of the case, the litigant's capacity to present his or her claims, the complexity of issues, and the litigant's diligence in finding and ability to afford counsel. *Compare Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016) (discussing factors for § 1915(e)(1)), *with Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420–21 (10th Cir. 1992) (discussing factors for § 2000e-5(f)(1)). Generally, appointment of counsel is warranted if the lack of representation would "result in fundamental unfairness." *Mika v. Brisco*, No. 20-cv-00346, 2023 WL 2456647, at *1 (D.N.M. Mar. 10, 2023). Thus, analysis focuses on whether the litigant demonstrates a basic grasp of the issues at play and can navigate procedure competently enough to continue the suit. *Id.* at 2; *Delgado v. Gutierrez*, No. 12-cv-00808, 2014 WL 1957705, at *5 (D.N.M. Apr. 30, 2014); *Sweat v. New Mexico*, No. 19-cv-00987, 2024 WL 3595494, at *1 (D.N.M. July 30, 2024).

The Supreme Court left open whether the courts possess the inherent authority to require lawyers to serve in a civil matter. *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 310 (1989). Since then, courts have split on the matter. *Naranjo v. Thompson*, 809 F.3d 793, 802 (5th Cir. 2015) (yes); *Williams v. Westerman*, No. 08-cv-00858, 2011 WL 4377516, at *2 (S.D. Ill. Sept. 15, 2011) (yes); *Bothwell v. Republic Tobacco Co.*, 912 F. Supp. 1221, 1235 (D. Neb. 1995) (yes); *Colbert v. Rickmon*, 747 F. Supp. 518, 527 (W.D. Ark. 1990) (no); *Hayes v. Zmuda*, No. 17-cv-00275, 2019 WL 13240374, at *1 (D. Idaho Feb. 26, 2019) (no, though recognizing a court may request counsel to serve, who may in turn decline).

### IV.   ANALYSIS

Nutt's motion does not expressly raise any grounds supporting a right to appointed counsel. *See* [Doc. 64]. But the Court liberally construes the motion to request counsel under the ADA and whatever authority the Court may otherwise possess to accommodate his hearing and equilibrium disabilities. The ADA, however, conveys no general right to counsel for ADA claims. *Stone v. Town of Westport*, No. 04-cv-00018, 2007 WL 9754412, at *1 (D. Conn. Feb. 23, 2007). Nor does Nutt bring a claim for employment discrimination as required by § 12117(a). And finally, Nutt does not proceed in this matter *in forma pauperis* such that § 1915(e)(1) applies. Thus, the Court can locate no statute pursuant to which it may grant Nutt's request.

Furthermore, neither due process nor the Court's inherent authority provides an alternative justification for appointment of counsel in this case. The nature of this suit concerns Defendants' liability for alleged infractions of Nutt's statutory or constitutional rights; whether Nutt wins or loses his suit, the proceedings cannot terminate or suspend his fundamental liberties. *See Lassiter*, 452 U.S. at 27. Regarding the Court's inherent authority, I find persuasive those decisions which have rejected a general power to compel attorneys' services against their will. *Colbert*, 747 F. Supp. at 526–27. However, even if the Court did have such power or would otherwise "appoint" counsel via a request to the local bar, the present circumstances do not justify appointment.

Nutt's hearing and equilibrium disabilities are significant, but Nutt does not claim they affect his cognition to the point only appointment of counsel could reasonably accommodate them. *See* [Doc. 64]. Nutt has been diligent with his filings, and his submissions to the Court demonstrate a basic grasp of material factual issues. *See, e.g.*, [Docs. 67–73]. The procedural rules and relevant substantive law pertaining to unlawful seizure are not so technical or complex that the lack of counsel in this matter would inflict fundamental unfairness on Nutt compared to other pro se

litigants. *See Mika v. Brisco*, No. 20-cv-00346, 2021 WL 4319659, at *3 (D.N.M. Sept. 23, 2021) (denying counsel for claims under § 1983, Eighth Amendment, and New Mexico Tort Claims Act). To be sure, presenting the best arguments for a meritorious case often demands either legal training or the assistance of counsel. *Naranjo*, 809 F.3d at 803. But hundreds of deserving civil litigants seek appointment from a small number of available attorneys each year, and the Court lacks both authority and means to provide counsel in all but the most dire circumstances. *See Troutt*, 820 F.3d at 397; *accord Naranjo*, 809 F.3d at 804. Those circumstances are not presented here.

## V.  CONCLUSION

For the reasons above, the Court DENIES Nutt's request for the appointment of an attorney.

IT IS SO ORDERED.

Hon. Jerry H. Ritter
United States Magistrate Judge