UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

LYNDON NUTT,

    Plaintiff,

vs.                                                                                                                          No. Civ. 24-203 GJF/JHR

CITY OF LAS CRUCES,
GABRIEL AGUIRRE, and
AARON SOLIS, in their individual
and official capacities,

    Defendants.

## ORDER ON PENDING MOTIONS

THIS MATTER is before the Court on Plaintiff's post-judgment filings. These include Plaintiff's Motion to Invoke Sanctions for Releasing Medical Information [ECF 132], Motion Objecting to Order Denying Plaintiff's [Motion] for Appointment of an Attorney [ECF 133], Objection to Final Judgment [ECF 134], Objection to Memorandum Opinion and Order [ECF 135], Motion to Present Further Information Pertaining to this Case [ECFs 137, 139], and Motion to Introduce Further Facts and Issues [ECF 138]. Defendants responded to Plaintiff's Objection to Final Judgment [ECF 140]. Construing Plaintiff's Motions and Objections as a request for post-judgment relief, the Court concludes that Plaintiff is not entitled to such relief and hereby **DENIES** his Motions and overrules his Objections.

**I. BACKGROUND**

On January 22, 2024, Plaintiff Lyndon Nutt ("Mr. Nutt") filed a complaint (the "Complaint") in state court bringing state law tort claims, a federal constitutional claim, and two federal Americans with Disabilities Act ("ADA") claims against Defendants Gabriel Aguirre ("Officer Aguirre"), Aaron Solis ("Officer Solis") and Defendant City of Las Cruces (together

"Defendants"). ECF 1-1. Defendants removed this case to this Court on February 29, 2024. ECF 1.

On January 20, 2025, Defendants filed motions for partial summary judgment that together sought dismissal of Mr. Nutt's case in its entirety. ECFs 48, 50–56. On July 16, 2025, the Court granted the two motions for partial summary judgment that dealt with Mr. Nutt's federal constitutional and ADA claims. ECF 129. The Court denied without prejudice the motions for partial summary judgment on Mr. Nutt's state law claims, declining to exercise supplemental jurisdiction over those claims and remanding them to state court. ECF 129. That same date, the Court entered a Final Judgment and closed this case. ECF 130.

In the two weeks after the Court closed Mr. Nutt's case, he filed objections to the Court's Final Judgment, Memorandum Opinion and Order, and denial of his motion for appointed counsel. ECFs 133–35. Mr. Nutt also filed a motion seeking sanctions for releasing medical information [ECF 132], and two motions to introduce additional information [ECFs 137–39]. The Court takes up these filings to bring finality to Mr. Nutt's federal claims.

## II. ANALYSIS

### A. The Court construes Mr. Nutt's post-judgment filings as requests for relief under Rule 59(e).

"[O]nce parties are afforded a full and fair opportunity to litigate, the controversy must come to an end and courts must be able to clear their dockets of decided cases." *Ute Indian Tribe of the Uintah and Ouray Rsrv. v. Utah*, 114 F.3d 1513, 1522 (10th Cir. 1997); *see Massaro v. United States*, 538 U.S. 500, 504 (2003) (explaining the law's interest in the finality of judgments). As such, the Federal Rules of Civil Procedure rarely allow objections to decided issues or motions to reconsider dispositive rulings. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). But exceptions to this rule exist. *See id.* Courts consider invitations to reconsider

2

previously decided issues to be either Rule 59(e) motions to alter or amend a judgment or Rule 60(b) motions for relief from a final judgment. *Id.*; *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). When a movant requests post-judgment relief within ten days of the entry of judgment, the movant's intent dictates which rule applies. *Jennings v. Rivers*, 394 F.3d 850, 855 (10th Cir. 2005). Rule 59(e) applies to a request for post-judgment relief "if it requests a substantive change in the district court's judgment or otherwise questions its substantive correctness." *Nelson v. City of Albuquerque*, 921 F.3d 925, 928 (10th Cir. 2019) (internal quotation marks omitted) (quoting *Yost v. Stout*, 607 F.3d 1239, 1243 (10th Cir. 2010)).

Mindful of its duty to construe Mr. Nutt's *pro se* filings liberally, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the Court will assess Mr. Nutt's post-judgment filings under Rule 59(e) because he seeks a substantive change in the Court's judgment and questions its substantive correctness, *see Nelson*, 921 F.3d at 928; *Jennings*, 394 F.3d at 855. Mr. Nutt "pleads with [the] [C]ourt to reject" its Memorandum Opinion and Order because it is substantively incorrect. ECF 135 at 8. If the Court granted Mr. Nutt the relief he seeks, it would be substantively changing its judgment, which was premised upon dismissing Mr. Nutt's federal claims. *See* ECF 130. This liberal construction benefits Mr. Nutt because movants under Rule 59 face a lesser burden than do movants under Rule 60. *See Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 953 (7th Cir. 2013).

**B.  The Court denies Mr. Nutt's request for relief pursuant to Rule 59(e).**

Rule 59(e) allows a district court to correct mistakes in a dispositive order. *Banister v. Davis*, 590 U.S. 504, 508 (2020). These mistakes can arise from a misapprehension of the facts or the controlling law. *Matney v. Barrick Gold of N. Am.*, 80 F.4th 1136, 1159 (10th Cir. 2023) (quoting *Nelson*, 921 F.3d at 929). Rule 59(e) does not, however, allow a movant to relitigate old

3

matters by presenting arguments or evidence that could have been raised before the court entered its order. *Banister*, 590 U.S. at 508; *Nelson*, 921 F.3d at 929 (quoting first *Servants of the Paraclete*, 204 F.3d at 1012; and then *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).

The Court rejects Mr. Nutt's request for post-judgment relief because he seeks to relitigate old matters by presenting arguments and evidence that could have been presented before the Court dismissed the federal claims, and he does not identify a misapprehension of material fact or controlling law. *See Nelson*, 921 F.3d at 929. Mr. Nutt's post-judgment filings contain arguments he already made—which the Court rejected [ECF 129]—and evidence he already cited. *Compare* ECF 135 *with* ECFs 67–73, 75–76. Mr. Nutt also revisits meritless arguments irrelevant to the dismissal of his federal claims. *See* ECFs 132–35, 137–39. For example, he asserts a right to pursue his personal injury claims while retaining near complete medical privacy;[1] he asserts an absolute right to a jury trial;[2] he points to alleged disabling injuries that occurred more than a year after the

---

[1] As the Court already explained, Mr. Nutt forfeited many protections afforded by the Health Insurance Portability and Accountably Act ("HIPAA") when he filed suit against Defendants. *See* ECF 129 at 28 n.21; *see also In re Parker*, No. 24-10155-j7, 2025 WL 1134527, at *6 (Bankr. D.N.M. Apr. 16, 2025) (explaining that a plaintiff waives HIPAA protections by placing physical and mental health at issue in a lawsuit). Mr. Nutt cannot allege physical and mental injuries [ECF 1-1 at 12 ¶ 100] while disclosing medical records from only a narrow period [*see* ECF 139]. Federal Rule of Civil Procedure 26(b)(1) prevents discovery of irrelevant medical information, but disclosing and discussing medical records relevant to Mr. Nutt's asserted injuries do not violate HIPAA.

Mr. Nutt implies that the Court, Mr. Nutt's former counsel, and Defendants' counsel impermissibly disclosed and shared his medical history. *See* ECF 132. As proof, Mr. Nutt points to the Court's citation to his admission that he has not sought mental health treatment within the last ten years. *See id.* Mr. Nutt wonders "how [the Court] supposedly know[s] this when it was never stated anywhere?" *Id.* This information came from Mr. Nutt's response to an interrogatory, filed on the docket. ECF 129 at 8 (citing ECF 42-4 at 10). The Court did not accept Mr. Nutt's response as true because it contradicted Dr. Galves's treatment notes that Mr. Nutt cited. *See* ECF 129 (citing ECF 125 at 2).

[2] Mr. Nutt requested a jury trial. *See* ECF 138 at 3. A jury trial will not take place, though, if one party establishes that there is (1) no genuine dispute as to any material fact; and (2) that party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Defendants established both as to Mr. Nutt's federal claims. ECF 129. Accordingly, Mr. Nutt will not receive a jury trial on his federal claims.

events in the Complaint;[3] he insists that Judge Ritter has been removed from this case;[4] he attaches photographs of injuries allegedly caused by Officers Aguirre and Solis;[5] and he contends that Officers Aguirre and Solis sought to retaliate against him for his acquittal from a criminal charge.[6] Even if these arguments had legal merit—which they do not—they would not call into question the analysis in the Court's Memorandum Opinion and Order. *See* ECF 129.

Moreover, Mr. Nutt does not identify material evidence that he could not have brought to the Court before it decided Defendants' summary judgment motions related to his federal claims. Instead, he identifies hearsay statements from individuals within the United States Department of Justice, including Federal Bureau of Investigations ("FBI") agents. *See* ECF 138 at 1–2. According to Mr. Nutt, these agents have reviewed his case; told him that Officers Aguirre and Solis acted improperly; and will refer the case to United States Attorney General Pam Bondi, United States Attorney for the District of New Mexico Ryan Ellison, and FBI Director Kash Patel, who will presumably investigate Defendants. *See id.* The Court does not credit Mr. Nutt's statements in part

---

[3] Mr. Nutt points to his hearing loss as proof that his ADA claims have merit. ECFs 135 at 8, 138 at 2. As the Court explained, Mr. Nutt's ADA claims require a showing of disability on July 6, 2023, and Mr. Nutt contends that his hearing loss became disabling after a September 2024 fall. ECF 129 at 7 n.8. Even if Mr. Nutt were disabled on July 6, 2023, the Defendants did not discriminate against him on the basis of his alleged disability. *Id.* at 30–31.

[4] Mr. Nutt filed a Motion to Change Venue in which he explained that he could not comply with Judge Ritter's instructions. *See* ECF 65. Presumably, that motion gave Mr. Nutt the mistaken belief that Judge Ritter has been removed from this case [*see* ECF 138 at 2], but the Court denied that motion as moot in its Memorandum Opinion and Order [ECF 129 at 34]. Judge Ritter remains the referral judge in this case so long as the Court retains jurisdiction.

[5] Mr. Nutt attaches black and white photos that seem to show cuts and bruises on his arms. ECF 138 at 7–12. These photos presumably were taken on July 6, 2023, because Mr. Nutt is wearing the same shirt he wore when the officers detained him. *Compare* ECF 48 (Ex. D), *with* ECF 138 at 7–12. Mr. Nutt does not explain why he waited roughly a year and a half after filing his Complaint to share these photos. Accordingly, the photos cannot justify post-judgment relief. Moreover, Mr. Nutt conflates injury with liability. Evidence of cuts and bruises do not prove that police officers violated the law. Injuries only become relevant if an officer's conduct violated clearly established law, which Officers Aguirre and Solis did not. *See* ECF 129 at 12–27. In fact, officers have caused far worse injuries—including death— and avoided liability because they did not violate clearly established law. *See, e.g., Cruz v. City of Deming*, 138 F.4th 1257, 1271 (10th Cir. 2025)

[6] Mr. Nutt would not prevail even if Officers Aguirre and Solis were motivated to harass or retaliate against him. The Fourth Amendment imposes objective tests that courts apply without examining the subjective motivations of the defendants. *Huff v. Reeves*, 996 F.3d 1082, 1089 (10th Cir. 2021). As explained, Officers Aguirre and Solis's actions were objectively reasonable. *See* ECF 129 at 12–27.

5

because it considers it unlikely that Attorney General Bondi, Mr. Ellison, or Director Patel are interested in a case alleging police brutality where there is no loss of life, no serious injuries, and no federal defendants.[7] *See* ECF 1-1. Even if the Court believed Mr. Nutt, however, an outsider's impressions about a case, no matter how powerful those outsiders may be, is neither a source of law nor evidence from which a reasonable trier of fact could conclude that Mr. Nutt is entitled to relief. Accordingly, these statements do not entitle Mr. Nutt to the relief he seeks.[8]

The Court reminds Mr. Nutt that this case number is closed. ECF 130. Further, the Court is bound by and cannot disregard the Federal Rules of Civil Procedure and Tenth Circuit precedent. *See Okla. Radio Assoc. v. Fed. Deposit Ins. Corp.*, 969 F.2d 940, 942 (10th Cir. 1992) ("the Federal Rules of Civil Procedure have the force and effect of a federal statute"); *United States v. Spedalieri*, 910 F.2d 707, 709 n.2 (10th Cir. 1990) ("A district court must follow the precedent of this circuit"). Many of the documents Mr. Nutt has filed are not warranted by the Federal and Local Rules of Civil Procedure and Tenth Circuit precedent. Addressing those documents causes the Court and the other parties to needlessly expend valuable resources. The Court notifies Mr. Nutt that if he continues to file such documents, the Court may impose filing restrictions to avoid expending valuable resources addressing future such filings. *See generally Pirella v. Carver*, No. 08-CV-556 TS, 2009 WL 689535, at *1 (D. Utah Mar. 16, 2009) ("Plaintiff is cautioned that further filings in this closed case that raise issues that have previously been resolved against him may be deemed to be a meritless filing and 'may result in summary disposition without discussion and an order asking

---

[7] The District of New Mexico, unfortunately, is no stranger to plaintiffs alleging police brutality who suffered injuries far more serious than those alleged by Mr. Nutt. *See, e.g.*, *Cruz v. City of Deming*, No. 22-CV-957 MIS/GJF, 2024 WL 2272305, at *3 (D.N.M. May 20, 2024). If the Department of Justice did not involve itself in those cases, it is highly unlikely it will involve itself in Mr. Nutt's case.

[8] For the reasons outlined here, the Court would also deny Mr. Nutt requested post-judgment relief if his filings were construed as Rule 60(b) motions. *See Beyrer*, 722 F.3d at 953 ("if she could not meet the lower Rule 59(e) burden in the district court, she would not have met the higher Rule 60(b) burden").

him to show cause why this court should not limit his future filings.'" (quoting *United States v. Evans*, 248 F. App'x 53, 57 (10th Cir. 2007)).

Mr. Nutt is free to appeal the dismissal of his federal claims in the Court's Memorandum Opinion and Order [ECF 129] to the Tenth Circuit, pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A). Additionally, Mr. Nutt is free to pursue his state law claims in the Third Judicial District Court. *See* ECF 136.

## III. CONCLUSION

Having found that Mr. Nutt is not entitled to post-judgment relief, **IT IS THEREFORE ORDERED** that to the extent that Mr. Nutt's post-judgment filings [ECFs 132–35, 137–39] can be construed as motions brought under Federal Rule of Civil Procedure 59 or 60, they are **DENIED** on their merits. To the extent that those filings can be construed as any other request for relief, they are **DENIED** as moot.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*